



**FILED**

6/10/2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**RECEIVED**

MAY 2 3 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JOSE ANTONIO APONTE, | ) | |
| Plaintiff, | ) | |
| | ) | CASE No. 1:16 -cv- 4914 |
| V. | ) | |
| THOMAS J. DART, Sheriff of Cook County, | ) | Judge Charles R. Norgle, Sr. |
| LYES, Director, | ) | |
| Department of Corrections Cermak Health | ) | Magistrate Judge Mary M. Rowland |
| Services of Cook County, | ) | |
| ARCE, Superintendent, and | ) | JURY TRIAL DEMANDED |
| COUNTY OF COOK, a public entity | ) | |
| organized under the laws of the | ) | |
| State of Illinois, | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

I.
    **Plaintiff,** JOSE ANTONIO APONTE, ("APONTE"), In the captioned cause for his complaint against defendants: Thomas J. Dart, Sheriff., Lyes, Director., Department of Corrections Cermak Health Services of Cook County., Arce, Superintendent., and County of Cook., hereby alleges as follows:

### INTRODUCTION

II. **1.** This is a Civil Action Pursuant To 42 U.S.C. sec. 1983, and plaintiff rights violated under the 14th Amendment To The U.S. Const., seeking damages for injuries to the plaintiff caused by the unwritten policy and practices of the Cook County Sheriff Department, Thomas J. Dart., and his under superior executed staff. This unwritten policy and practice is alleged as one where upon intake into the custody of The Cook County Sheriff Department, pretrial detainees are forced issued ill- fitting shoes that are without arch insole support, causing extreme pain to the feet, which eventually leading to the deformations to the feet and physical related impairments of diagnosis such as Plantar Faciitis / Heel Spurs, by way of usage of these flat footwear and worn over a long period of time., And the shoes needed to ameliorate the pain or the need to at least provide Reasonable Accommodation's upon requested, to prevent feet from hurting as pretrial detainees go about thier daily routine,

-1-

## II.

is flagantly denied. And failure of The Cook County Sheriff Department to provide alternatives for pretrial detainees to either obtain of purchase or prescribe orthopedics shoes has caused, and continues to cause multiple of injuries to detainees, such as that here with plaintiff Aponte.

### III. Lawsuits filed in any State or Federal Court in the United States:

A. Name of case and docket number: Jose Antonio Aponte v. Ta Chin International, under case No. 08 WC 17672

B. Approximate date filing lawsuit: March 18, 2008

C. All plaintiffs': Jose A. Aponte-Jose Aponte-Jose Antonio Aponte Jr.

D. All defendants: Ta Chin International

E. Court in which lawsuit filed: Not familiar

F. Judge assigned to case: Not familiar

G. Basic Claim made: Workers' Compensation

H. Disposition of this case: Settlement Agreement

I. Approximate date of disposition: 2009

### III. Lawsuits filed in any State or Federal Court in the United States:

A. Name of case and docket number: Jose Antonio Aponte- v. Thomas J. Dart, et. al., No. 14 c 9202

B. Approximate date filing lawsuit: November 3, 2014

C. All Plaintiffs: Jose A. Aponte-Jose Aponte-Jose Antonio Aponte Jr.

D. All defendants: Thomas J. Dart, Maurice Thomas, Theresa Olson, Richardson, County of Cook

E. Court in which lawsuit filed: United States District Court

F. Judge assigned to case: James F. Holderman

G. Basic Claim made: Denial of Access to Court

H. Disposition of this case: Moot

I. Approximate date of disposition: January 8, 2015

## IV.                          JURISDICTION AND VENUE

2. This is a civil action lawsuit authorized by 42 U.S.C. sec. 1983 to redress the deprivation, under color of State law, of rights secured by the Constitution of the United States.

3. This Court has jurisdiction to adjudicate Aponte's claim under 28 U.S.C. sec. 1331.

4. The Northern District of Illinois is an appropriate venue under 28 U.S.C. sec. 93 (a)(1)

V. **PARTIES**

5. Plaintiff Jose Antonio Aponte("Aponte"), is an Illinois citizen and resident of Knox County,(In The Illinois Department of Correctional Center System). While awaiting trial, since the 8th day of April, 2010., Aponte was housed at a divisional Super Maximum Security jail facility, at the Cook County Department and Sheriff Department of Corrections; located at or near the intersection of California, Avenue and 26th Street, Chicago, Illinois.

6. Defendant Thomas J. Dart ("Sheriff Dart") is Sheriff of Cook County. Sheriff Dart oversees the operation of the Cook County Jail and the Cook County Department of corrections. Sheriff Dart is sued in his official capacity.

7. Defendant Lyes is a male Director of the Cook County Department of Corrections, employed by Cook County. Aponte does not know the full name of Director Lyes, but that information is contained in records maintained by Institutional Defendants. Director Lyes is sued in his official capacity.

8. Defendant Department of Corrections Cermak Health Services of Cook County is a division of the Cook County Health & Hospitality System and at all times relevant to this complaint, mentioned, was responsible for the welfare of all the inmates medical requested needs within the Cook County Sheriff Department, and all pre-trial detainees detained therein.

9. Defendant Arce is a male Superintendent of the Cook County Department of Corrections, employed by Cook County. Aponte does not know the full name of Superintendent Arce, but that information is contained in records maintained by Institutional Defendants. Superintendent Arce is sued in his official capacity.

10. Defendant County of Cook ("Cook County") is a public entity organized under the laws of the State of Illinois. Cook County operates the Cook County Jail and the pre-trial detainee health service under the name of " Cermak Health Services of Cook County." Cook County is liable for any such judgment related to its agents and employees pursuant to 745 ILCS 10/2-302. Defendant Cook County and its subsidiaries, Cermak Health Services of Cook County Department of Corrections, are hereinafter referred to as the " Institutional Defendants"

-3-

**V.**

**11.** Additional unknown employees, correctional officials, sheriffs' deputies, and medical staff whose named identities are unknown to Aponte are responsible for the failure to timely respond to Aponte's medical needs, the failure to properly diagnose and treat his injuries, and for causing additional injuries to Aponte. These unknown defendants, as well as the named Cook County employees, prison officials, and medical staff are sued in their indidual capacities and hereinafter are referred to as the " Individual Defendants. "

**12.** At all relevant times and in all their actions, all Individual Defendants, employed by the County were acting under color of law and pursuant to their authority as prison officials or County employees.

**VI.**                                    ALLEGATIONS OF FACT

**13.** Aponte was detained at the Cook County Jail since April 8, 2010, and until the 11th day of September, 2015.

**14.** Aponte is 45 years old and on information and belief has an extensive previous medical history.

**15.** On or about February 15, 2015, between the hours of approximately 4:00 a.m. Aponte awoke at Tier 1- C of Division 9. at Cook County Jail located at 2600 South California Avenue in Chicago.

**16.** Upon information and belief, Division 9. Tier 1-C is a Super Maximum Security Jail Facility at the Cook County Department of Corrections(" CCDOC ")

**17.** On the date in question and approximate time, breakfast was being distributed to each cell.

**18.** While walking towards the cell-door, Aponte lost balance due to a sharp severe pain on his heel/feet.

**19.** In effort to protect himself from falling, Aponte grasp the sink and slowly walked to retrieve his breakfast through the cell chuckhole.

**20.** On the date in question, Aponte filed a Health Service Request Form to schedule an appointment with a medical provider. And also addressed the grievance procedure available to document the related concerns.

**21.** Aponte continuously approached observation booth, and notified staff on-site to call Cermak Health Services for his medical needs as he continued to suffer serious pain as he walked about his daily activities.

VI.

**22.** Finally, on the 10th day of March, 2015, after and approximately 23 days of pleading with staff on-site, Aponte was escorted to the divisional Dispensary.

**23.** At the Dispensary, upon Aponte's discussion with a physicion/medical director, a screening of examining Aponte's heels were had visually where the discomfort originally was experienced on his feet.

**24.** Aponte explained his concerns, and now these conditions affected his daily activities, and that he was concerned that such conditions could probabl y result to further injuries if not provided with appropriate treatment.

**25.** Thereafter, Aponte requested any reasonable accommodation under the Americans with Disabilities Act ("A.D.A."), but the physicion/medical director " bluntly said there isn's any type of accommodations available here " so you need to begin doing some rehabilitation exercises!

**26.** Then Aponte was asked to wait outside in the waiting area for inmate 's.

**27.** "But Aponte refused to leave, and requested other alternative ways to address the issue, and requested sometype of shoes, better to ameliorate the pain in which he was experiencing. "

**28.** Thereafter, in an agitated and argumental behavior, the physicion/ medical director diagnosed Aponte as suffering from Platar Faciitis, and said " theres nothing he could do about the pain caused by those shoes, other than prescribe Ibuprofen's. "

**29.** Aponte kept complainning and requested a referral to visit with an orthopedist.

**30.** Upon returning back to Division 9. Tier 1-C, Aponte filed an additional grievance to document the above incident dated March 10, 2015, which lead to an assigned grievance control #2015X1554.

**31.** At approximately July 7, 2015, or on a date thereafter while Aponte was housed at Division 9. Tier 1-F (under segregation status), Aponte addressed directly the above-alleged incident with Individual Defendant Arce, Superintendent., and a verbal request was asked for the specific accommoda-tion of the shoes that would prevent Aponte's feet from hurting as he went about his daily routine. The above Individual Defendant reassured to take steps to correct the issue associated with the shoes by replacing them with proper footwear/arch insole support shoes.

(A). INDIVIDUAL DEFENDANTS ATTEMPT TO COVER-UP THE ADDRESSED COMPLAINT

VI.

32. At approximately July 14, 2015, per authorization and direct contravention to seek a remedy for a pattern and or practice of conduct that affects the daily activities of detainees welfare at CCDOC, and to eliminate the correction of issues associated with the shoes, Division 9. Super Maximum Security Facility, was temporarily lock-down while an under superior executive staff Individual Defendants replaced detainees shoes with a different type of footwear/shoes.

33. The shoes **forced-issued** on detainees at CCDOC, during the above mentioned of exchange of shoes, still remains inadequate being the fact that these shoes as well are without an arch insole support to prevent futher and sinificant injury, or rectifying the dubious unwritten practices that affects the daily activities of multiple inmates/pre-trial detainees held in the custody and welfare of Individual Defendants and Sheriff Dart.

34. As alleged above, The Cook County Sheriff's Department failed to issue Aponte proper footwear that would had prevented his feet from hurting as he went about his daily routine, after he had requested **Reasonable-Accommodations** with his disability that substantially limits his daily life activities.

35. Aponte has exauted the jail grievance procedures available at the CCDOC, as he addressed the above-pled incident and related concerns pertained to a deformity. (APPENDED EXHIBIT A.)

VII.

(B). INDIVIDUAL DEFENDANTS ATTEMPT TO COVER-UP THE ABOVE INCIDENT

36. Upon information and belief, no written report was prepared by any named and unidentied Individual Defendants to document or otherwise memorialized the above alleged incident, which were required to have been prepared pursuant to CCDOC policy. (unidentified Individual Defendants)

37. The failure to have prepared a written report was part of an attempt on the part of one or more Individual Defendants to cover-up the above alleged incident, and the July 14, 2015, authorized under superior executive staff Individual Defendants whom participated with the forced-ill-fitting new shoes upon pre-trial detainees was also an attempt on one or more named and unindentified Individual Defendants to deter Aponte's desire to exposed their negligence and Official/Institutional failure to properly provide adequate footwear.

VIII.

**CCDOC Violates Its Own Mission Statement, As Well As Various Consti-tutional Concerns Previously Identified By The U.S. Department Of Justice, Civil Rights Division.**

**38.** Upon information and belief, at all times relevant to this complaint CCDOC operated pursuant to a written Mission Statement, providing as follows:

**The mission of the Cook County Department of Corrections is to ensure the safety of the** citizens, correctional staff and **inmates of Cook County. To provide a** central location for screening and classification of all defendants and a **safe, secure, humane, positive, efficient and constitutionally-operated corrections department** with a highly qualified, well-trained and dedicated staff.(Emphasis added)

**39.** As alleged with greater particularity above, the ill-fitting shoes forced issued on pre-trial detainees, by Individual Defendants and Sheriff Dart, are inadequately unhealthy, being without an arch insole support, causing extreme pain to the feet of multiple inmates/ detainees and the combined poor medical negligence by Cermak Health Services constitutes a **materiar breach or violation of the CCDOC Mission Statement.**

**40.** On or about July 11, 2008 the U.S. Department of Justice, Civil Rights Division sent a 98 page letter to the Cook County Board President and Cook County Sheriff, reporting the findings of the investigation of Civil Rights Division into conditions at Cook County jail, pursuant to the Civil Rights of Institutionalized Person Act, which authorizes the Department of Justice to seek a remedy for a pattern or practice of conduct that violates the constitutional rights of inmates in adult detention and correctional facilities.

**41.** Among the various finding set forth in the July 11, 2008 letter was a finding that " In particular, we find that inmates confined at the Cook County Jail are not adequately protected from harm, including physical harm from use of force by staff and inmate-on-inmate, violence due to inadequate supervision. In addition, we find that inmates do not receive adequate medical and mental healthcare."

**42.** On or about May 13, 2010 the U.S. Department of Justice, Office of Public Affairs, issued a written press release entitled " Justice Department Announces Comprehensive Rights of Inmates at Cook County, Illinois, Board and Sheriff to Remedy Violations and Ensure Constitutional Rights of Inmates at

Cook County Jail." (Source: Freedom Of Information Act)

43. As alleged with greater particularity above, the incident and inadequate medical treatment of Aponte constitutes a material breach or and violation of one or more concerns previously identified by the U.S. Department of Justice in its July 11, 2008 letter and its May 13, 2010 press release. VIX.

## COUNT I.

### Against the Institutional Defendants
### and Sheriff Dart

### 42 U.S.C. 1983 (Monell) Official and Institutional Failure
### to Properly Instruct, Supervise, and Provide Adequate
### Health Care

44. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

45. The Constitutional violations detailed above were caused in part by the customs, unwritten policies, and practices of the Institutional Defendants as promulgated, enforced, and disseminated by Sheriff Dart, whereby the Institutional Defendants and Sheriff Dart, who were charged with ensuring adequate health care to pre-trial detainees at Cook County Jail, failed to provide assistance, access to proper health care in this and many other documented cases.

WHEREFORE, Plaintiff Jose Antonio Aponte demands judgment against the Institutional Defendants and Sheriff Dart, jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C. 1988, and such other relief that this Court deems just, proper, and equitable.

## COUNT II.

### Against the Institutional Defendants
### and Sheriff Dart

### 42 U.S.C. 1983 (Monell) Official and Institutional Failure
### to Properly Instruct, Supervise, and Provide Adequate
### Footwear

46. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

47. The Constitutional violations detailed above were caused in part by the customs, unwritten policies, and practices of the Institutional Defendants

VIX.

as promulgated, enforced, and disseminated by Sheriff Dart, whereby the Institutional Defendants and Sheriff Dart, who were charged with ensuring adequate proper footwear to pre-trial detainees at Cook County Jail, failed to provide assistance, access to proper footwear in this and many other documented cases.

WHEREFORE, Plaintiff Jose Antonio Aponte demands judgment against the Institutional Defendants and Sheriff Dart, jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C. 1983, and such other relief that this Court deems just, proper, and equitable.

### COUNT III.
#### Against the Institutional Defendants
#### and Sheriff Dart
#### 42 U.S.C 1983 (Monell) Official and Institutional Failure
#### to Provide Proper Instruction, Supervise, and the
#### Adequate Reasonable Accommodations under the
#### Americans with Disabilities Act

48. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

49. The Constitutional violations detailed above were caused in part by the customs, unwritten policies, and practices of the Institutional Defendants as promulgated, enforced, and disseminated by Sheriff Dart, whereby the Institutional Defendants and Sheriff Dart, who were charged with ensuring adequate Reasonable Accommodations under the Americans with Disabilities Act to pre-trial detainees at Cook County Jail, failed to provide assistance, access to proper reasonable accommodations in this and many other documented cases.

WHEREFORE, Plaintiff Jose Antonio Aponte demands judgment against the Institutional Defendants and Sheriff Dart, jointly and severally, for compensatory damages and punitive damages in the amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C. 1988, and such other relief that this Court deems just, proper, and equitable.

### COUNT IV.
#### Against the Institutional Defendants
#### and Sheriff Dart
#### 42 U.S.C. 1983 (Monell) Official and Institutional Failure to
#### Provide Prescribed Medical Walking shoes/physical therapy Care

50. Plaintiff repears and re-alleges the preceding paragraphs as if fully alleged herein.

VIX.

**51.** The Constitutional violations detailed above were caused in part by the customs, unwritten policies, and practices of Institutional Defendants as promulgated, enforced,and disseminated by Sheriff Dart, whereby the Institutional Defendants and Sheriff Dart, who were charged with ensuring adequate prescribed orthopedics shoes and physical therapy care to pre-trial detainees at Cook County Jail, failed to provide assistance, access to proper prescribed orthopedics shoes and physical therapy care towards this and many other documented cases.

**WHEREFORE,** Plaintiff Jose Antonio Aponte demands judment against the Institutional Defendants and Sheriff Dart, jointly and severally, for compensatory damages and punitive damages in the amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C. 1988, and such other relief that this Court deems just, proper, and equitable.

### COUNT V.

#### Against Certain Individual Defendants
#### 42 U.S.C. 1983-Ongoing Failure to Provide Prescribed the
#### Medical Care

**52.** Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

**53.** It has been the repeated practice of the Individual Defendants to unjustifiably deny Aponte adequate reasonable accommodations and therapy and or unjustifiably assistance, access to these reasonable accommodations, items, medications and therapy.

**54.** By the foregoing facts, certain unknown Individual Defendants acted with malice, recklessness, and deliberate indifference to the ongoing medical needs of Aponte despite being aware that by committing such acts and omissions they were subjecting Aponte to a substantial risk of serious harm.

**55.** The acts and/or omissions of these certain Individual Defendants as described herein amounted to cruel and unusual punishment, in violation of the Eighth and Fourteenth Amendment to the United States Constitution.

**56.** As a result of these violations of his Constitutional rights, certain unknown Individual Defendants have caused Aponte unnecessary and wanton of great pain, mental anguish, and further exacerbated his injuries.

**WHEREFORE,** Plaintiff Jose Antonio Aponte demands judgment against the individual Unknown Defendants, jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's

fees and costs pursuant to 42 U.S.C. 1988, and such other relief that this

VIX.

Court deems just, proper, and equitable.

## COUNT VII.

### Against Certain Individual Defendants
### Intentional Infliction of Emotional Distress (State Law Claim)

57. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

58. The acts and conduct of the Institutional Defendants, Sheriff Dart and Individual Defendants as set forth above were extreme and outrageous.

59. The Defendants intended to cause or acted with knowledge of the high probability that the conduct would cause such distress.

60. The Defendants actions and conduct did directly and proximately cause severe emotional distress to plaintiff, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental agitation, anguish, and nightmares, and emotional suffering.

**WHEREFORE,** Plaintiff Jose Antonio Aponte demands judgment against the Institutional Defendants, Sheriff Dart and the Individual Defendants, jointly and severally, for compensatory damages and punitive damages in an amount to be determined at trial, plus attorney's fees and costs pursuant to 42 U.S.C. 1988, and such other relief that this Court deems just, proper, and equitable.

## COUNT VIII.

### Against Certain Individual Defendants
### Indemnification Pursuant to 745 ILCS 10/2-302 (State Law Claim)

61. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

62. Illinois law provides that public entities are directed to pay any tort judgment, including any associated attorney's fees and costs, for which employees are liable within the scope of their employment activities. See, 745 ILCS 10/9-102.

**WHEREFORE,** Plaintiff Jose Antonio Aponte request that the Court order Cook County to pay any compensatory judgment, including attorney's fees and costs, against individual defendants who acted in their course of employment.

## COUNT VIX.

### Against the Institutional Defendants, Sheriff Dart, and Individual
### Defendants Injunctive Relief Medical Care

VIX.

63. Plaintiff repeats and re-alleges the preceding paragraphs as if fully alleged herein.

64. Plaintiff has no adequate remedy to redress the alleged deprivation of medical care, and he will continue to suffer irreparable injury from the alleged acts or omissions unless he is granted the equitable relief he needs.

**WHEREFORE,** Plaintiff Jose Antonio Aponte requests that the Court, after a hearing, issue a preliminary and permanent injunction.

(a). Requiring the Defendants, to deliver to Plaintiff such medical treatment as is necessary to assure Plaintiff's injuries are properly managed of his daily pain, and treatment has ameliorated the pain appropriately;

(b). Enjoining the Defendants, individually and collectively, from refusing to provide and/or delaying provision of necessary medical care to this Plaintiff either at Cook County Jail or elsewhere;

(c). Enjoining the Defendants, individually and collectively, from failing to supervise and instruct employees and agents in such a manner to assure the delivery to Plaintiff of medical care that is consistent with the standards of medical care in the State of Illinois as a whole;

(d). Granting Plaintiff an award of attorney's fees and costs and any other relief this Court deems just, and, proper under the circumstances.

### JURY DEMAND

Dated: Tuesday May 17, 2016.

Respectfully submitted,

/s/ *Jose A. Aponte*

JOSE ANTONIO APONTE, PLAINTIFF
I.D. # B00727
HILL CORRECTIONAL CENTER
600 South Linwood, Rd.
Galesburg, Illinois 61401

...VERIFICATION...

I have read the foregoing complaint and hereby verify that
the matters alleged are true, except as to matters alleged
on any information and belief, and, as to those, I believe
them to be true. I certify under penalty of perjury that
the foregoing is true and correct.

Executed at Galesburg, Illinois, on
the date of Tuesday, May 17, 2016.

Respectfully submitted,
/S/ _Jose A. Aponte_
JOSE ANTONIO APONTE, PLAINTIFF

-1 of 1-

IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION

AFFIDAVIT PURSUANT TO
725 ILCS 5/114-4(a).

I, Jose Antonio Aponte, the undersigned petitioner, state
on Oath, deposes and says that he has read the forgoing
Civil Action Cause-Complaint, signed by him pursuant to
FED. R. CIV. P. 11, and that he knows the contents thereof
and that said is true in substance and fact.

/S/ _____

JOSE ANTONIO APONTE, PLAINTIFF
I.D. # B00727
HILL CORRECTIONAL CENTER
600 South Linwood, Rd.
Galesburg, Illinois 61401

Subscribeb and Affirmed To, Before Me,

This ____ Day of ____ ,2016.

/S/ _____

NOTARY PUBLIC

OFFICIAL SEAL
KASSIDY L. TIMMONS
Notary Public - State of Illinois
My Commission Expires 9/28/2019

-1 of 1-

EXHIBIT A.

EXHAUST COOK COUNTY JAIL GRIEVANCE PROCEDURES ...

**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

☐ GRIEVANCE   ☐ NON-GRIEVANCE (REQUEST)

**CONTROL #**

**! This section is to be completed by Program Services staff - ONLY !**   *(! Para ser llenado solo por el personal de Program Services !)*

| GRIEVANCE FORM PROCESSED AS: | REFERRED TO: |
|---|---|
| ☐ EMERGENCY GRIEVANCE | ☐ CERMAK HEALTH SERVICES |
| ☐ GRIEVANCE | ☐ SUPERINTENDENT: _____ |
| ☐ NON-GRIEVANCE (REQUEST) | ☐ OTHER: _____ |

Program Services Supervisor Approving Non-Grievance (Request) Signature

## INMATE INFORMATION *(Información del Preso)*

PRINT - INMATE LAST NAME *(Apellido del Preso):* **APONTE**

PRINT - FIRST NAME *(Primer Nombre):* **JOSE**

ID Number *(# de Identificación):* **2010-0408081**

DIVISION *(División):* **9**

LIVING UNIT *(Unidad):* **1-C**

DATE *(Fecha):* **02/15/15**

## INMATE'S BRIEF SUMMARY OF THE COMPLAINT *(Breve Resumen de los Hechos del Preso):*

* An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
* Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
* When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.

* Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
* Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.
* Cuando una Queja se procesa como una QUEJAS NO (PETICION), un preso podría re-someter una Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.

PLEASE INCLUDE:    Date of Incident  –  Time of Incident  –  Specific Location of Incident
*(Por Favor, Incluya:   Fecha Del Incidente  –  Hora Del Incidente  –  Lugar Específico Del Incidente)*

I'm experiencing discomfort and severe pain on the heel of my foot due to the improper shoes provided here which are inadequate, being without an arch insole, causing me to walk unbalanced while using limited out-of-cell time for exercise. These conditions could result to further significant injury or the unnecessary and wanton infliction of pain.

ACTION THAT YOU ARE REQUESTING *(Acción que esta solicitado):*
proper footware, medical attention, Grievance control number and not transferring to any other County jail as a retaliation for filing this complaint!

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
*(Nombre del personal o presos que tengan información:)*

INMATE SIGNATURE *(Firma del Preso):* Jose A. Aponte

SUPERINTENDENTS/DIRECTORS/DESIGNEES OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW/PLATOON COUNSELOR (Print): | SIGNATURE: | DATE CRW/PLATOON COUNSELOR RECIEVED: |
|---|---|---|
| SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): | SIGNATURE: | DATE REVIEWED: |

(FCN-47)(NOV.11)     (WHITE COPY – PROGRAM SERVICES)     (YELLOW COPY – CRW/PLATOON COUNSELOR)     (PINK COPY – INMATE)



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE RESPONSE / APPEAL FORM**
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

☐ GRIEVANCE  ☒ NON-GRIEVANCE (REQUEST)

CONTROL # __N/F__

| INMATE INFORMATION *(Información del Preso)* | | |
|---|---|---|
| INMATE LAST NAME *(Apellido del Preso):* Fuente | INMATE FIRST NAME *(Primer Nombre):* Jose | ID Number *(# de identificación):* 201004080 8 |

## GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:

300 Medical attention

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable):

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / /REQUEST TO (Example: Superintendent, Cermak Health services, Personnel): DATE REFERRED: 3/5/15

RESPONSE BY PERSONNEL HANDLING REFERRAL:

Primary Care Clinic appt requested and patient seen in clinic today 3/10/15.

PERSONNEL RESPONDING TO GRIEVANCE (Print): A.N.  SIGNATURE: ___  DIV. / DEPT. ___  DATE: 3/10/15

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): ___  SIGNATURE: ___  DIV. / DEPT. ___  DATE: / /

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: ___
☐ NON-GRIEVANCE SUBJECT CODE: ___

INMATE SIGNATURE *(Firma del Preso):* Jose A Fuente

DATE RESPONSE WAS RECEIVED: *(Fecha en que la respuesta fue recibida):* 3/15/15

## INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

\* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

\* Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: *(Fecha de la solicitud del la apelacion del detenido):* ___ / ___ / ___

INMATE'S BASIS FOR AN APPEAL *(Base del detenido para una apelacion):*

N/A

ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
*¿ Apelación del detenido aceptada por el administrador o/su designado(a)?*   Yes *(Si)* ☐   No ☐

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION *(Decision o recomendacion por parte del administrador o / su designado(a)):*

ADMINISTRATOR / DESIGNEE *(Administrador o / su Designado(a)):* ___  SIGNATURE *(Firma del Administrador o / su Designado(a)):* ___  DATE *(Fecha):* / /

INMATE SIGNATURE *(Firma del Preso):* ___

DATE INMATE RECEIVED APPEAL RESPONSE: *(Fecha en que el Preso recibio respuesta a su apelacion):* / /

FCN-48 (Rev. 09/14)   WHITE COPY - PROGRAM SERVICES   YELLOW COPY - CRW / PLATOON COUNSELOR   PINK COPY - INMATE



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*
**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

☐ GRIEVANCE   ☐ NON-GRIEVANCE (REQUEST)

**CONTROL #**

---

**!This section is to be completed by Program Services Staff - ONLY!** *(! Para ser llenado solo por el personal de Program Services !)*

**GRIEVANCE FORM PROCESSED AS:**
☐ EMERGENCY GRIEVANCE
☐ GRIEVANCE
☐ NON-GRIEVANCE (REQUEST)

**REFERRED TO:**
☐ CERMAK HEALTH SERVICES
☐ SUPERINTENDENT: _____
☐ OTHER: _____

*Program Services Supervisor Approving Non-Grievance (Request) Signature*

---

**INMATE INFORMATION** *(Información del Preso)*

PRINT - INMATE LAST NAME *(Apellido del Preso):* Aponte
PRINT - FIRST NAME *(Primer Nombre):* Jose
ID Number *(# de Identificación):* 2010-0408081

DIVISION *(División):* 9
LIVING UNIT *(Unidad):* 1-C
DATE *(Fecha):* 03 / 10 / 15

---

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso):*

* An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
* Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request / Response / Appeal Form.
* When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the request is deemed unsatisfactory.

* Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
* Las decisiones del Comité Disciplinario de los preso, no podrán ser cuestionadas o apeladas a través del uso del Formulario de Quejas / Respuesta / Forma de Apelación.
* Cuando una queja se procesa como una QUEJAS NO (PETICIÓN), un preso podría re-someter una Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.

PLEASE INCLUDE: Date of Incident - Time of Incident - Specific Location of Incident
*(Por Favor, Incluya: Fecha Del Incidente - Hora Del Incidente - Lugar Específico Del Incidente)*

After requesting medical attention, and Grievance dated 02/15/15, I was seen by a physician who showed a poor medical screening procedure by refusing to examine the heel of my foot where I'm experiencing discomfort and severe pain. I explained how these conditions significantly affects my daily activities and that I'm concerned that these conditions could probably result to further significant injury or the unnecessary and wanton infliction of pain. "He said that he couldn't help me" I feel that my right to adequate medical care has been violated and this physician has showed deliberate indifference to my medical needs!

ACTION THAT YOU ARE REQUESTING *(Acción que esta solicitando):*
An appointment by an orthopedic, Grievance Control Number and not transferring me to any other County Jail as a retaliation for filing this complaint.

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
*(Nombre del personal o presos que tengan información):*

INMATE SIGNATURE *(Firma del Preso):* Jose A. Aponte

---

SUPERINTENDENTS / DIRECTORS / DESIGNEES OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE'S GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

CRW / PLATOON COUNSELOR (Print): C. W. Davis
SIGNATURE:
DATE CRW/PLATOON COUNSELOR RECEIVED: 3 / 12 / 15

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print):
SIGNATURE:
DATE REVIEWED: /  /

FCN-47 (Rev. 09/14)   WHITE COPY - PROGRAM SERVICES   YELLOW COPY - CRW / PLATOON COUNSELOR   PINK COPY - INMATE



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE RESPONSE / APPEAL FORM**
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

☑ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL #  2015X 1554

## INMATE INFORMATION *(Información del Preso)*

| INMATE LAST NAME *(Apellido del Preso):* | INMATE FIRST NAME *(Primer Nombre):* | ID Number *(# de identificación):* |
|---|---|---|
| Aponte | Jose | 2010-0408081 |

## GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
200 - Medical Treatment

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable):
Inmate filed request on 2/15/15 regarding issue and received answer on 3/15/15. Not satisfied with response.

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / /REQUEST TO: (Example: Superintendent, Cermak Health services, Personnel):
Cermak          DATE REFERRED: 3/30/15

RESPONSE BY PERSONNEL HANDLING REFERRAL:
_per our records you are scheduled to_
_see cermak provider in 1-2 weeks._

| PERSONNEL RESPONDING TO GRIEVANCE (Print): | SIGNATURE: | DIV. / DEPT. | DATE: |
|---|---|---|---|
| A.W. | | | 4/1/15 |

**Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.**

| SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): | SIGNATURE: | DIV. / DEPT. | DATE: |
|---|---|---|---|
| | | | |

| NON-GRIEVANCE (REQUEST) SUBJECT CODE: (Check applicable box): | INMATE SIGNATURE *(Firma del Preso)* | DATE RESPONSE WAS RECEIVED: *(Fecha en que la respuesta fue recibida):* |
|---|---|---|
| ☐ GRIEVANCE SUBJECT CODE: _____ | | 4/13/15 |
| ☐ NON-GRIEVANCE SUBJECT CODE: _____ | | |

## INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

\* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

\* *Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.*

DATE OF INMATE'S REQUEST FOR AN APPEAL: *(Fecha de la solicitud del la apelacion del detenido):* 4/13/15

INMATE'S BASIS FOR AN APPEAL *(Base del detenido para una apelacion):*
Not satisfied

| ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL? | Yes *(Si)* ☐ | No ☑ |
|---|---|---|
| *¿ Apelación del detenido aceptada por el administrador o/su designado(a)?* | | |

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION *(Decision o recomendacion por parte del administrador o / su designado(a)):*
_you were seen by a provider 3/19/15 and advised not to wear foot_
_plate. You have been scheduled for treatment in 1-2 wks_

| ADMINISTRATOR / DESIGNEE *(Administrador o / su Designado(a)):* | SIGNATURE *(Firma del Administrador o / su Designado(a)):* | DATE *(Fecha):* |
|---|---|---|
| Susan Shebel | Susan Shebel RN | 5/1/15 |

| INMATE SIGNATURE *(Firma del Preso):* | DATE INMATE RECEIVED APPEAL RESPONSE: *(Fecha en que el Preso recibió respuesta a su apelacion):* |
|---|---|
| X Jose A. Aponte | 5/7/15 |

FCN-48 (Rev 09/14)    WHITE COPY - PROGRAM SERVICES    YELLOW COPY - CRW / PLATOON COUNSELOR    PINK COPY - INMATE



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

☐ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL #

**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

**!This section is to be completed by Program Services Staff - ONLY!** *(¡ Para ser llenado solo por el personal de Program Services !)*

| GRIEVANCE FORM PROCESSED AS: | REFERRED TO: |
|---|---|
| ☐ EMERGENCY GRIEVANCE | ☐ CERMAK HEALTH SERVICES |
| ☐ GRIEVANCE | ☐ SUPERINTENDENT: _____ |
| ☐ NON-GRIEVANCE (REQUEST) | ☐ OTHER: _____ |

*Program Services Supervisor Approving Non-Grievance (Request) Signature*

**INMATE INFORMATION** *(Información del Preso)*

PRINT - INMATE LAST NAME *(Apellido del Preso)*: Aponte

PRINT - FIRST NAME *(Primer Nombre)*: Jose

ID Number *(# de identificación)*: 2010 - 0408081

DIVISION *(División)*: 9

LIVING UNIT *(Unidad)*: 1-C

DATE *(Fecha)*: 03 / 30 / 15

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso)*:

* An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
* Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request / Response / Appeal Form.
* When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the request is deemed unsatisfactory.

* Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
* Las decisiones del Comité Disciplinario de los preso, no podrán ser cuestionadas o apeladas a través del uso del Formulario de Quejas / Respuesta / Forma de Apelación.
* Cuando una queja se procesa como una QUEJAS NO (PETICIÓN), un preso podría re-someter la Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.

PLEASE INCLUDE: *(Por Favor, Incluya:)*
Date of Incident - *Fecha Del Incidente -*
Time of Incident - *Hora Del Incidente -*
Specific Location of Incident *Lugar Específico Del Incidente -*

This is a re-submitted grievance issue after 15 days to obtain a control Number. Original grievance was dated and processes on 8-15-15, and on 3-10-15 Personnel Responded to Grievance: "I'm experiencing discomfort and severe pain on the heel of my foot due to the improper shoes provided here which are inadequate, being without an arch insole, causing me to walk unbalanced while using limited out-of-cell time for exercise. These conditions could result to further significant injury or the unnecessary and wanton infliction to pain."

NOTE: additional grievance for Control Number 1

ACTION THAT YOU ARE REQUESTING *(Acción que esta solicitando)*: Control Number and not transferring me to any other County Jail as a retaliation for filing this complaint.

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:
*(Nombre del personal o presos que tengan información)*:

INMATE SIGNATURE *(Firma del Preso)*: Jose A. Aponte

SUPERINTENDENTS / DIRECTORS / DESIGNEES OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE'S GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

CRW / PLATOON COUNSELOR (Print): CLW / davis

SIGNATURE:

DATE CRW/PLATOON COUNSELOR RECEIVED: 3 / 30 / 15

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print):

SIGNATURE:

DATE REVIEWED: __ / __ / __

FCN-47 (Rev. 09/14)   WHITE COPY - PROGRAM SERVICES   YELLOW COPY - CRW / PLATOON COUNSELOR   PINK COPY - INMATE

# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

☑ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL # 2015X 1280

## INMATE INFORMATION *(Información del Preso)*

INMATE LAST NAME *(Apellido del Preso):* Aponte

INMATE FIRST NAME *(Primer Nombre):* Jose

ID Number *(# de identificación):* 2010-0409081

## GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT: 200 - Medical Treatment

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable):

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / /REQUEST TO: (Example: Superintendent, Cermak Health services, Personnel): Cermak

DATE REFERRED: 3/13/15

RESPONSE BY PERSONNEL HANDLING REFERRAL: According to our records, you were seen by a care provider on 3/10/15 but there was no mention of pain of the heels. Please put in a health

PERSONNEL RESPONDING TO GRIEVANCE (Print): A-N

SIGNATURE: Co.

DIV. / DEPT.

DATE: 3/17/15

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print):

SIGNATURE:

DIV. / DEPT.

DATE:

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE:
☐ NON-GRIEVANCE SUBJECT CODE:

INMATE SIGNATURE *(Firma del Preso):*

DATE RESPONSE WAS RECEIVED: *(Fecha en que la respuesta fue recibida):* 03/27/15

## INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

** Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: *(Fecha de la solicitud del la apelacion del detenido):* 4/2/15

INMATE'S BASIS FOR AN APPEAL *(Base del detenido para una apelacion):* Not Satisfied

ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
*¿ Apelación del detenido aceptada por el administrador o/su designado(a)?*   Yes *(Si)* ☐   No ☒

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION *(Decision o recomendación por parte del administrador o / su designado(a)):* Response stands as above. No further news given for dissatisfaction.

ADMINISTRATOR / DESIGNEE *(Administrador o / su Designado(a)):*

SIGNATURE *(Firma del Administrador o / su Designado(a)):*

DATE *(Fecha):* 4/10/15

INMATE SIGNATURE *(Firma del Preso):*

DATE INMATE RECEIVED APPEAL RESPONSE: *(Fecha en que el Preso recibió respuesta a su apelacion):* 4/25/15

FCN-48 (Rev. 09/14)   WHITE COPY - PROGRAM SERVICES   YELLOW COPY - CRW / PLATOON COUNSELOR   PINK COPY - INMATE